**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CHEMMASTERS, INC., | ) CASE NO. 1:07-cv-01573 |
| Plaintiff, | ) |
| v. | ) MAGISTRATE JUDGE VECCHIARELLI |
| ROBERT MAPLE., *et al.*, | ) |
| Defendants. | ) **ORDER** |

On July 18, 2007, the Court held an in-chambers discovery conference to address several discovery disputes. Plaintiff ChemMasters, Inc. ("Plaintiff") alleged that Defendants Robert Maple and Great Lakes Concrete Solutions, LLC's (collectively "Defendants") answers and responses to its discovery requests were deficient.

Defendants objected to several requests for the production of documents seeking information pertaining to all of Great Lakes Concrete Solutions, LLC's ("GLCS") products as overly broad. The Court ordered Defendants to provide responses to Plaintiff's discovery requests with respect to the following five products: SilaneCure; Clear as Crystal; Cure & Seal 25; High Gloss; and Armor Guard Liquid Hardener.[1]

Defendants were ordered to respond to Plaintiff's Request for Production No. 6 and

---

[1] Discovery was limited to these products based on Defendants' representation to the Court that these five products are the only ones sold by GLCS that are either manufactured by GLCS or for which GLCS provided the formulation. This representation must also be made under oath and provided with Defendants' discovery responses.

provide the requested income tax returns subject to a protective order preventing disclosure or use outside the present action.

Defendants were ordered to allow Plaintiff to clone/scan the Maples' home computer provided that Plaintiff's counsel supplies Defendants with the search terms that its computer technician will use to determine whether the computer was used for any work relevant to this lawsuit. This procedure is tentatively scheduled for July 19, 2007 pending the availability of Plaintiff's technician.

Previously, Defendants were ordered to produce a sample of their "Clear as Crystal" product to Plaintiff by July 24, 2007. (Doc. No. 26.) During the discovery conference, Defendants represented that they had no samples of "Clear as Crystal" in their possession. Defendants are ordered to make every reasonable effort to procure a sample of said product and/or to assist Plaintiff in locating a sample.

Defendants shall produce the records of Maple Construction Specialties, an alleged predecessor of GLCS, after Plaintiff specifies which of its discovery requests also pertain to Maple Constriction Specialties.

Defendants shall provide responses to Plaintiff's Interrogatories numbered 23, 29, and 33. Interrogatory 29 asks Defendants to identify the other provisions of the employment agreement that Defendants contend are an issue in this action. Defendants also shall respond to Interrogatory 39. If Defendants currently possess no evidence responsive to the interrogatory, they shall indicate as much and are under a continuing obligation to supplement their response. Defendants must also respond to Interrogatory 40 and provide the current or last known address of the named individual.

Defendants must provide formal and verified written responses to Plaintiff's discovery requests by July 26, 2007.  Defendants must provide Plaintiff with the product formulas of the five products identified above by July 20, 2007.  The depositions of the Maples are rescheduled and will take place on August 3, 2007.  The parties shall submit a joint proposal concerning expert discovery deadlines.  As reflected in another order issued this same date, a settlement conference is scheduled for August 9, 2007 at 9:30 a.m.

Plaintiff indicated that Defendant GLCS has yet to comply with the Court's June 27, 2007 order requiring GLCS to discontinue use of the name "SilaneCure," as a product by that name was still referenced on its website.  (Doc. No. 23.)  The Court ordered GLCS to comply with its order and, if necessary, retain another contractor to change the product's name on the website.

IT IS SO ORDERED.

/s/ Nancy A. Vecchiarelli
U.S. MAGISTRATE JUDGE

Date: July 19, 2007