IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHEMMASTERS, INC., | ) | CASE NO. 1:07-cv-01573 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| ROBERT MAPLE., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |

On July 27, 2007, the Court held a show cause hearing to address Plaintiff ChemMasters, Inc.'s ("ChemMasters") Motion for Sanctions.  (Doc. No. 30.)  ChemMasters claimed that Defendant Robert Maple ("Maple") failed to comply with the Court's discovery order dated July 19, 2007 requiring Maple to produce product formulas by July 20, 2007.[1]  (Doc. Now. 28 & 30.)

Pursuant to Federal Rule of Civil Procedure 16(f) ("Rule 16(f)"), the Court may require a party that fails to obey a scheduling or pretrial order to "pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified ...."  Rule 16(f) also allows the Court to make any just order provided for in Federal Rule of Civil Procedure 37(b)(2)(B), (C) or (D).[2]

---

[1] This order reiterated the Court's oral order made during the July 18, 2007 discovery conference to produce the formulas by the said date.  During this conference, Defendant Maple indicated that producing the formulas would not be problematic.

[2] The cited subsections of Fed. R. Civ. P. 37(b)(2) allow a judge to preclude a disobedient party from proffering evidence on a certain issue or claim, to render default judgment against the disobedient party or to stay the action, or to treat as contempt a party's failure to obey an order.

At the show cause hearing, Defendant Maple admitted that the product formulas were not supplied to ChemMasters until four days after the date specified by the Court.  Defendant Maple averred that while he was aware of the Court's July 20, 2007 deadline, he did not comply with it because his attention and time were diverted by a business matter.  For failing to produce the formulas in a timely manner, ChemMasters requests the following relief: sanctions awarding attorney fees and costs; daily monetary penalties; an order deeming as admitted that Maple misappropriated ChemMasters's product formulas, and injunctive relief preventing Defendants from manufacturing, marketing, selling, or distributing any of the five products identified in the Court's discovery order.  (Doc. No. 30.)  "Imposition of extreme sanctions [such as issue preclusion or entry of a default judgment] is appropriate where noncompliance has been willful or in bad faith."  *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989)

The Court finds Defendant Maple in contempt of Court for deliberately and knowingly violating the Court's July 19, 2007 order.  He simply chose to give another matter priority over this Court's order.  ChemMasters is alleging that Defendant Maple violated a non-compete contract and misappropriated the chemical formulas of several of its products.  (Doc. No. 1.)  If ChemMasters's allegations are true, any delay in the resolution of this matter is prejudicial to ChemMasters and exposes it continuing monetary damages.  Furthermore, Defendant Maple's failure to comply in a timely manner created a ripple effect that forced ChemMasters to delay its expert's analysis of the formulas that in turn caused ChemMasters to seek extensions with respect to the discovery deadlines.

Therefore, ChemMasters's Motion for Sanctions (Doc. No. 30) is granted in part and denied in part.  As Maple has provided the formulas, albeit in an untimely manner, the Court

declines to impose monetary fines for each day of tardiness. Also, at this stage, precluding Defendant Maple from presenting evidence in his defense on any issue in contention is unwarranted. *See, e.g., Lakeside Bridge & Steel Co. v Mountain State Constr. Co.*, 400 F Supp 273 (E.D. Wis. 1975) (finding defendant's failure to timely answer all interrogatories was not sufficient reason for entering default judgment or order excluding evidence in light of fact that defendant filed supplemental answers). Although Defendant Maple acted deliberately, the Court, at this time, does not find that he acted in bad faith or wilfully attempted to obstruct the discovery process as the formulas were turned over a few days later.[3] However, the Court believes a sanction requiring Defendant Maple to reimburse ChemMasters for attorney fees resulting from Maple's failure to comply with the Court's order is appropriate. Maple must submit payment in the amount of five hundred dollars ($500) to the firm of Goodman, Weiss & Miller by August 3, 2007.[4] Failure to make payment by that date may result in further sanctions, including, but not limited to, an order refusing to allow Maple to support designated defenses or claims or from introducing evidence supporting those defenses or claims.

      IT IS SO ORDERED.

                                     /s/ Nancy A. Vecchiarelli
                                     U.S. MAGISTRATE JUDGE

Date: July 30, 2007

---

[3] ChemMasters alleged at the show cause hearing that at least one of the formulas, according to its expert, may have been altered. This is a very serious allegation that may be addressed in full at the evidentiary hearing.

[4] The sum of five hundred dollars was determined by the Court to be slightly less than the amount billed by ChemMasters's counsel for two hours of work.